UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IVETTE T. SAMPEDRO

    Plaintiff,

V...                                              CIVIL ACTION NO.

COUNTRY MOTORS, II, INC.
d/b/a BOB'S BUICK PONTIAC
GMC OF MILFORD

TD BANK

    Defendants,                               OCTOBER 18, 2011

## COMPLAINT

**FIRST COUNT:**

    1. This is an action for damages for violation of The Truth In Lending Act, 15 U.S.C. § 1601 et seq., and for violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn. Gen. Stat., et seq., and for violation of The Retail Installment Financing Act § 36a-770 Conn. Gen. Stat., et seq., (repossession) and for violation of the Connecticut Uniform Commercial Code § 42a-2-314 implied warranty of merchantability, and for violation of Conn. Gen. Stat. § 42a-9-601 *et seq*, (UCC). and for common law conversion.

    2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640 and 28 U.S.C. §§ 1331 and 1367.

    3. Plaintiff is a resident of New Haven, Connecticut.

4. Defendant Country Motors II, Inc. DBA. Bobs Buick Pontiac GMC of Milford hereinafter ("Country Motors") is a domestic corporation acting under the laws of the State of Connecticut, with a place of business at 750 Bridgeport Avenue, Milford, CT 06460.

5. Defendant TD Bank is a national bank organized and operating under the laws Of the United States of America, with a office at 994 Chapel Street, New Haven, CT 06510 and the assignee of the retail installment contract.

6. At all times herein both defendants in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

7. Both defendants are creditors within the meaning of C.G.S. § 36a-676, et seq. and 15 U.S.C. § 1601, et seq. and regulation promulgated hereunder.

8. On or about May 19, 2011, plaintiff entered into a consumer credit transaction with Country Motors that was assigned to TD Bank to buy a car for personal, family or household use, namely, a 2008 Nissan Quest van.

9. Defendant Country Motors failed to disclose the lien fee on the documents.

10. Based on information and belief, Country Motors (a) did not charge the correct sum for VSI, or (b) VSI was unavailable for plaintiffs to purchase on the documents.

11. Country Motors did not disclose the names of third parties that it paid sums of money to on the documents.

12. Country Motors charged plaintiff for Vin Etch and printed on the Purchase Order, was stated, that it was an option yet failed to provide a location on the contract to

accept or reject the alleged option as the sum for Vin Etch was pre-printed on the contract.

13. It was apparent to TD Bank that on the face of the Retail Installment Contract and Security Agreement ("RICSA") that the lien fee was not disclosed and that the names of third parties that Country Motors paid monies to were not disclosed.

14. Plaintiff has suffered and will suffer severe monetary loss and inconvenience as a result of defendant Country Motors' and TD Bank's actions.

**SECOND COUNT:**

15. The allegations of paragraph no. 8, of the Count One are repeated as if fully set forth herein.

16. Defendant Country Motors sold and delivered to plaintiff one used 2008 Nissan Van, model Quest.

17. The contract of sale between defendant Country Motors and plaintiff contained an implied warranty that the car would be of merchantable quality.

18. The car Country Motors sold plaintiff was not of merchantable quality nor fit for the ordinary purposes for which goods are used to wit:

   a. Interior of the Nissan was stained and despite Country Motors promise to clear the vehicle and either it failed to clean the vehicle or was unable to clean the vehicle.

   b. Engine light continues to come on and smoke comes out of the exhaust.

   c. The rear brakes required replacement.

19. When plaintiff realized that Country Motors was unwilling or unable to repair her car she took it to a Nissan Dealer and notwithstanding that she incurred costs of $1,826.79 to repair the vehicle, which was the responsibility of Country Motors, they were unable to correct the vehicle in order that it would not emit smoke or remove the stains from the interior compartment.

20.  Defendant Country Motors refused to either reimburse plaintiff for the money she spent attempting to repair the vehicle, or to make the necessary repairs on the vehicle.

21.  Plaintiff has suffered monetary loss and inconvenience as a result of Country Motors' actions.

**THIRD COUNT:**

22.  The allegations of Paragraph no.8 of the First Count are repeated as if fully set forth herein.

23.  Plaintiff returned the vehicle to Country Motors in the month of August after it became apparent to her that the vehicle could not be repaired.

24.  TD Bank, the holder of the security interest, failed to send notice to plaintiff via registered or certified mail, to the last known address of buyer that it was accelerating the note and had repossessed plaintiff's vehicle, notwithstanding that plaintiff was not delinquent on her payments and she was current on the account through September 2, 2011.

25. TD Bank failed to inform plaintiff whether the sale would be public or private and the date of the sale.

26. TD Bank failed to send plaintiff with post- notice of the sale and what sum the vehicle sold for.

27. TD Bank failed to provide plaintiff notice that she was permitted to recover her personal property within the vehicle or where it was stored, to wit:

a. license plates.

b. approximately 50 disks with a total value of $500.

28. Based on information and belief, TD Bank sold plaintiff's vehicle to Country Motors on or about August 18, 2011.

29. Plaintiff has suffered damages.

**FOURTH COUNT:**

30. The allegations of paragraph no. 8, of the Count One are repeated as if fully set forth herein.

31. Early in the month of August, plaintiff returned her vehicle to Country Motors because Country Motors had failed to repair the vehicle; or reimburse plaintiff for her incurred time and costs of $1,826.79 to have the vehicle partially repaired and Country Motors failure to pay her out of pocket expenses, return her down payment, and reimburse her for monthly payments on the vehicle made to TD Bank.

32. Country Motors and TD Bank, acting in concert with each other conspired to convert plaintiff's vehicle and personal property through such actions that TD Bank received unknown sums of money from Country Motors and in exchange for the money transferred title to plaintiff's vehicle to Country Motors.

33. During August 2011, plaintiff received an undated letter from td Bank under the name of Patricia Kolarik, Loan Operations Supervisor II congratulating her on paying off her loan, a payment that plaintiff did not make to TD Bank.

34. Plaintiff has been damages by both Country Motors and TD Bank conversion of her property.

**FIFTH COUNT:**

35.  The allegations of paragraph no. 8, of the Count One are repeated as if fully set forth herein.

36. Country Motors has committed one or more unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn. Gen. Stat. et seq., including, but not limited to failing to disclose to plaintiff the accurate financial terms of the transaction; failing to repair the car under the implied warranty of merchantability and converting plaintiff's vehicle and its contents to its own use.

37. TD Bank has committed one or more unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act §42-110a Conn. Gen. Stat. et seq., including, but not limited to failing to sent proper notices to plaintiff when it repossessed her vehicle and converting plaintiff's vehicle and its contents to its own use.

38. Plaintiff has suffered and will suffer severe monetary loss and inconvenience as a result of Country Motors and TD Bank's actions.

WHEREFORE, it is respectfully prayed that this Court:

1. Award plaintiff statutory damages of $1,000 the finance charge, actual damages, costs and a reasonable attorney fee on Count I.

2. Award plaintiff actual damages on Count II.

3. Award plaintiff actual damages, punitive damages and reasonable attorney fees on Count III.

4. Award plaintiff actual damages, punitive damages and reasonable attorney fees on Count IV.

5. Award plaintiff actual damages, punitive damages and reasonable attorney fees on Count V.

6. Award such other or further relief, THE PLAINTIFF

> BY/S/Bernard T. Kennedy
> Bernard T. Kennedy, Esquire
> The Kennedy Law Firm
> 157 Pine Orchard Road
> Branford, CT 06405
> Ph   (443) 607-8901
> Fax (443) 607-8903
> Fed. Bar # CT00680
> bernardtkennedy@yahoo.com